## Howard v. Safeguard Mutual Insurance Company

B. *Gross,* for plaintiff.
B. *J. Goldstein,* for defendant.

GREENBERG, *J.,* October 8, 1975—This matter is before us on plaintiff's motion to quash defendant's appeal from report and award of arbitrators.

This is a suit by plaintiff to recover medical payments under a policy of insurance. Plaintiff forwarded the necessary medical bills to defendant which exceed $1,000, the policy limit for such expenses. Defendant contends in new matter that the policy was procured by fraud, although it concedes that a binder was issued on the date on which the accident occurred. The defense alleged by defendant involves facts which, if proven, might very well substantiate defendant's contention.

At the arbitration hearing, defendant presented no witnesses or testimony in support of its position and, apparently, chose to attempt to substantiate its charge of fraud solely by cross-examination of plaintiff.

While we are aware of case law holding that the right of appeal is what makes the arbitration system valid, we do not believe that this can be used by a party to circumvent the arbitration procedure, and then proceed by way of filing an appeal. The affidavit on appeal requires appellant to state that the appeal is taken because of the belief that an injustice has been done. It seems to us that a defendant who alleges an affirmative detailed factual defense and then chooses to present no witnesses or testimony at the arbitration hearing cannot be heard to say that an injustice has been done when there is a finding for plaintiff. True it is that the question of credibility is for the fact finder, but this is not involved at all in the instant case, since all of the operative facts in substantiation of plaintiff's claim are not in dispute.

We agree that in the ordinary situation, it is not a condition precedent to the exercise of the right of appeal from an arbitration award that the appealing party must call witnesses or present evidence at the arbitration hearing. We need not go into the rationale for this in any detail, since a party, without presenting witnesses or testimony, may have an honest belief that the amount of the award was too high, or legal issues were decided improperly, and thus may properly file an appeal.

The instant situation is not the ordinary one. Here, the amount of the claim is fixed, the medical bills in support of plaintiff's claim are not disputed and the issuance of the policy and its terms are not

disputed. The defense is an affirmative factual one which could be proven only by the introduction of evidence by way of the testimony of witnesses. In such a case, where the litigant chooses not to present any testimony or witnesses at a hearing, he cannot be heard to complain when an award is returned against him. A litigant cannot choose to ignore the arbitration hearing on the basis that he has an absolute right of appeal. This would result in a mockery being made of a system which has proven to be the best of its kind in the country and would make meaningless the requirement that an appeal must be taken in good faith in the firm belief that an injustice has been done.

Accordingly, we hold that where a defendant asserts an affirmative defense in a case where no other issue is presented to the arbitrators, and defendant fails to present evidence in support of his affirmative defense, an appeal from the award of the arbitrators will be quashed. A litigant cannot circumvent the arbitration process in this manner and cannot be heard to complain of a finding which that litigant helped to obtain by electing not to present evidence to the arbitrators. We emphasize that our ruling is limited to the situation described herein and is not to be construed as furnishing a basis for quashing an appeal where the situation indicates that other issues may be involved. We enter the following

## ORDER

And now, October 8, 1975, plaintiff's motion to quash defendant's appeal from the report and award of arbitrators is granted and said appeal is quashed.